**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| **HANNAH NICHOLSON** | Case No. |
| Plaintiff, | |
| vs | **COMPLAINT FOR DAMAGES** |
| **DRAPER AND KRAMER MORTGAGE CORP.** | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | |

Plaintiff Hannah Nicholson, through Counsel, states as follows for her Complaint for Damages against Defendant Draper and Kramer Mortgage Corp.:

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff Hannah Nicholson ("Plaintiff" or "Nicholson") is the owner of the residential real property, located at and commonly known as 3590 Lenape Way, Riegelsville, Bucks County, PA 18077 (the "Home") which she purchased and continues to use as her primary and principal residence.

2.      Defendant Draper and Kramer Mortgage Corp. ("Defendant" or "D&K") is a foreign corporation incorporated under the laws of the State of Delaware that is registered to do business with the Pennsylvania Secretary of State.  D&K is headquartered in Downers Grove, IL and acts as a mortgage broker, originator, and servicer.

3.      D&K was the creditor and servicer of a note executed by Nicholson and of a mortgage on the Home that secured said note (the "Mortgage") (collectively, the "Loan") from January 3, 2022 until late February 2022 when ownership and servicing of the loan transferred from D&K to Columbia Bank.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises primarily under the Truth in Lending Act, 12 U.S.C. §§ 1601, *et seq.* ("TILA").

5.      This Court has supplemental jurisdiction to hear any state law statutory and common law claims pleaded, *infra*, or that otherwise may arise pursuant to 28 U.S.C. § 1367.

6.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## STATEMENT OF FACTS

7.      Plaintiff incorporates all of the allegations contained in Paragraphs 1 through 6 of the Complaint as if fully restated herein.

8.      On January 4, 2022 the Plaintiff closed on the Loan in which D&K was the lender and closing was conducted by Restore Land Transfer LLC ("Restore"). *See* Exhibit 1 - January 4, 2022 closing statement.

9.      As part of the closing costs, Plaintiff paid $3,222.87 as her initial escrow payment. *See* Exhibit 1 at p. 2.

10.      On or about January 18, 2022 the Plaintiff and her significant other, Shawn Forstner ("Forstner") were contacted by both Restore and D&K regarding potential issues with the closing of the Loan.  Specifically at that time both the Plaintiff and Forstner were informed that Forstner needed to sign a Hypothecation Affidavit, a copy of which is attached as Exhibit 2 to this Complaint, since Forstner would have a title interest in the property. *See* Exhibit 2.

11.      Both Plaintiff and Forstner were very concerned when they received these communications because at no time prior to the January 4, 2022 closing had representatives of the Defendant or representatives of Restore notified the parties of the need for Exhibit 2 to be executed.

12.     For about the next two weeks representatives of the Defendant exchanged a series of calls and text messages with both the Plaintiff and Forstner demanding Exhibit 2 be signed immediately or else D&K would begin reporting derogatory information on Plaintiff's credit related to a "mortgage late".

13.     On or about February 1, 2022 the Plaintiff began to exchange a series of emails with Robert Moos, Vice President of Operation and Sales with the Defendant ("Moos").

14.     During one of the earliest email exchanges Moos sent the Plaintiff a "revised" closing statement, a copy of which is attached as Exhibit 3, which detailed an escrow charge of $8,594.22. *See* Exhibit 3 at p. 2.

15.     Moos, on behalf of the Defendant, demanded that the Plaintiff pay the $5,371.00 escrow shortfall immediately.

16.     Between February 1, 2022 and March 4, 2022 the Plaintiff and Moos have multiple email exchanges in which Moos, on behalf of the Defendant, demands the $5,371.00 despite Plaintiff's signature only on Exhibit 1 which the Plaintiff repeatedly asks for clarification from the Defendant as to (1) why this was not addressed at closing, and (2) the calculation for each escrow item as she reasonably believed the property tax and school district tax amounts the Defendant was seeking were improperly calculated.

17.     The Plaintiff grew increasingly concerned about this potential undercharge as the Plaintiff was aware of the pending servicing transfer.

18.     Despite the Plaintiff's inquiries about the calculations D&K representatives continued to contact the Plaintiff for the $5,371.00 without any clear justification to do so.

## DAMAGES INCURRED BY AND IMPACT UPON NICHOLSON

19.     D&K's improper actions have caused Nicholson to suffer from actual and proximate damages including, but not limited to:

    a.  The improper imposition of escrow of $5,371.00 upon the Loan which was not warranted to the Loan, but which Nicholson was forced to pay to D&K;

    b.  Severe emotional distress driven by the fear that Nicholson will be forced to pay these fees to Columbia Bank which may result in a higher fee;

    c.  Severe emotional distress driven by the constant communications from D&K which misrepresented the Plaintiff's obligations after closing according to Exhibit 1;

    d.  Severe emotional distress driven by the fear that not complying with the demands of D&K would result in derogatory information being reported on Plaintiff's credit report; and

    e.  The legal fees and expenses related to the prosecution of this action.

## COUNT ONE:
## VIOLATIONS OF TILA

20.     Nicholson repeats and realleges Paragraphs 1 through 19 with the same force and effect as though fully set forth herein.

21.     Plaintiff's contract with the Defendant is a consumer credit transaction and is subject to the disclosure requirements of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*., and all other related regulations, commentary, and interpretive guidance promulgated by the Federal Reserve Board.

22.     Defendant is a "creditor" as defined by TILA because it was the named lender in each of the contracts and because it retained all rights in the sums collected from the contract(s) during the term of the transactions.

23.     Based on the allegations above and demonstrated by Exhibits 1 and 3, the Defendant collected an initial escrow payment from the Plaintiff of $3,222.87 in the executed closing disclosure and later demanded an initial $5,371.00 in a subsequent closing disclosure.

24.     Based on the allegations above and demonstrated by Exhibits 1 and 3, the Defendant violated TILA by failing to disclose the correct escrow charges to be financed pursuant to 15 U.S.C. § 1638(a)(2)(A)(ii).

25.     Based on the allegations above the Plaintiff has been injured based upon the inaccurate disclosures based upon the repeated communications from D&K seeking to recover improper amounts.

26.     The Defendant has violated TILA and is liable to the Plaintiff for actual damages in an amount to be determined, statutory damages, and attorneys' fees and costs.

**COUNT TWO:**
**VIOLATIONS OF PENNSYLVANIA FAIR CREDIT**
**EXTENSION UNIFORMITY ACT**
**(73 Pa. C.S. § 2270.1, *et seq.*)**

27.     Nicholson repeats and realleges paragraphs 1 through 26 with the same force and effect as though fully set forth herein.

28.     Nicholson is a consumer as defined by the Pennsylvania Fair Credit Extension Uniformity Act (FCEUA), the Loan is a debt as defined by the FCEUA, and D&K is a creditor as defined by the FCEUA. 73 P.S. § 2270.3.

29.     Based on the allegations herein, D&K violated the FCEUA, 73 P.S. § 2270.4(b)(5)(ii), prohibiting a creditor from using any false, deceptive or misleading representation or means in connection with the collection of any debt by repeatedly collecting or attempting to collect, the incorrect amount of escrow due on the Loan at closing.

30.     Based on the allegations herein, D&K has also violated FCEUA, 73 P.S. § 2270.4(b)(6)(i), prohibiting a creditor from using unfair or unconscionable means to collect or attempt to collect any debt by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law.

31.     D&K's use of deceptive practices prohibited by the FCEUA also constitute violations of the Pennsylvania Unfair Trade Consumer Protection Law (UTPCPL), 73 P.S. § 2270.5(a).

32.     Nicholson, to her detriment, justifiably relied on D&K's misrepresentations and deceptive conduct, and, as a result, has suffered an ascertainable loss of money.

33.     Specifically, as alleged above, Nicholson has suffered actual damages as a direct result of D&K's actions and is therefore entitled to actual damages, statutory damages, treble damages and attorneys' fees and costs under 73 P.S. § 201-9.2.

## COUNT THREE:
## VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE CONSUMER PROTECTION LAW
## ("UTPCPL"), 73 Pa. C.S. § 201-1, et. seq.

34.     Nicholson repeats and realleges paragraphs 1 through 33 with the same force and effect as though fully set forth herein.

35.     Nicholson and D&K are each persons as defined by the UTPCPL, the Loan arose from the purchase of goods primarily for personal, family or household purposes as defined by the UTPCPL, and D&K's actions and practices described herein were conduct as part of trade or commerce under the UTPCPL. 73 P.S. §§ 201-2(2)-(3); 201-9.2.

36.     D&K violated the UTPCPL, because, pursuant to FCEUA, 73 P.S. § 2270.5(a), any unfair or deceptive debt collection act or practice under the FCEUA by a debt collector or creditor, as set forth above, constitutes a violation of the UTPCPL.

37.     Other unfair or deceptive acts or practices defined as such in 73 P.S. §201-2(4) committed by D&K include, but are not limited to, the following:

  a.   D&K engaged in fraudulent or deceptive conduct which would create the likelihood of confusion or of misunderstanding. 73 P.S. §201-2(4)(xxi).

38.     D&K's actions described above, *supra*, are unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of 73 P.S. § 201-3.

39.     D&K's actions described above are fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding which constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of 73 P.S. § 201-2(4)(xxi).

40.     Nicholson, to her detriment, justifiably relied on D&K's misrepresentations and deceptive conduct, and, as a result, has suffered an ascertainable loss of money.

41.     Specifically, as alleged above, Nicholson has suffered actual damages as a direct result of D&K's actions and is therefore entitled to actual damages, statutory damages, treble damages and attorneys' fees and costs under 73 P.S. § 201-9.2.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Hannah Nicholson prays that this Court grant judgment against Defendant Draper and Kramer Mortgage Corp. and award her the following:

  A.   Actual damages from Defendant D&K of at least $5,371.00 and in an amount to be determined at trial for the allegations contained in Counts One, Two, Three;

  B.   An award of statutory damages of Four Thousand Dollars ($4,000.00) from Defendant D&K for the violation of TILA and Regulation Z contained in Count One;

  C.   For an award of statutory damages, as applicable, from Defendant D&K for the

violations of the FCEUA and/or UTPCPL for the allegations contained in Counts Two and/or Three;

D.      For an award of treble damages, as applicable, from Defendant D&K for the violations of the FCEUA and/or UTPCPL for the allegations contained in Counts Two and/or Three;

E.      For an award of attorneys' fees and costs from Defendant D&K for the allegations contained in Counts One, Two and/or Three; and

F.      For such other relief which this Court may deem appropriate.

## JURY DEMAND

Plaintiff Hannah Nicholson hereby respectfully demands a trial by jury on all such claims that may be so tried.

Respectfully submitted,

**LAW OFFICE OF JOSEPH M. ADAMS**

By: */s/ Joseph M. Adams*
Joseph M. Adams
Pa. I.D. No. 58430
200 Highpoint Drive, Suite 211A
Chalfont, PA 18914
Tel: (215) 996-9977

josephmadamsesq@verizon.net

Brian D. Flick
Ohio Bar No. 0081605
(*pro hac vice* anticipated)
DannLaw
15000 Madison Avenue
Lakewood, OH 44107
Cleveland, OH 44103
Telephone: (216) 373-0539
notices@dannlaw.com
*Counsel for Plaintiff Hannah Nicholson*